UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRYAN CORPORATION,           )
                             )
        Plaintiff,            )
                             )
v.                           )      CIVIL ACTION
                             )      NO. 12-10446-MLW
CHEMWERTH, INC.,             )
                             )
        Defendant.            )

# MEMORANDUM OF DECISION AND ORDER ON
# DEFENDANT'S MOTION TO ADD AFFIRMATIVE DEFENSE

July 8, 2014

DEIN, U.S.M.J.

## I. INTRODUCTION

This action arises out of an alleged oral agreement pursuant to which the plaintiff, Bryan Corporation ("Bryan"), agreed to purchase the pharmaceutical ingredient Tobramycin Sulfate ("TS") from the defendant, ChemWerth, Inc. ("ChemWerth"). Bryan claims that in order to induce it to purchase TS from ChemWerth and to develop products that could expand ChemWerth's TS market in the United States, ChemWerth falsely represented to Bryan that it would provide certain documents required by the United States Food and Drug Administration ("FDA") so that Bryan could obtain FDA approval of its TS products. In its First Amended Complaint, Bryan has asserted claims against ChemWerth for breach of contract (Count I), breach of implied covenant of good faith and fair dealing (Count II), promissory estoppel (Count III), negligent misrepresentation

(Count IV), fraud (Count V), and violation of Mass. Gen. Laws ch. 93A (Count VI). ChemWerth denies any liability in this matter and has asserted various affirmative defenses and counterclaims against Bryan. In addition, ChemWerth filed a third-party complaint, and an amended third-party complaint, against Waldman Biomedical Consultancy, Inc. and its principal, Dr. Alan A. Waldman (collectively, "Waldman").

The pleadings in this case have generated extensive motion practice. For example, ChemWerth moved to dismiss Bryan's claim of fraud, which motion was denied by this court in a decision dated December 14, 2012. Waldman then moved to dismiss the third-party complaint, and opposed ChemWerth's motion to amend its third-party complaint. ChemWerth's motion to amend was allowed and Waldman's motion to dismiss was denied by this court in a decision dated July 8, 2013. Bryan then moved to strike ChemWerth's Fifth Affirmative Defense that Bryan's claims were barred by the doctrine of unclean hands, and to dismiss ChemWerth's Third Counterclaim alleging a violation of Mass. Gen. Laws ch. 93A. Bryan's motion was allowed by this court in a decision dated December 9, 2013.

This matter is presently before the court on ChemWerth's "Motion for Leave to Amend its Answer, Affirmative Defenses, & Counterclaims to Plaintiff's First Amended Complaint for Damages to Add an Affirmative Defense," which was filed on May 23, 2014. (Docket No. 156). By this Motion, ChemWerth is seeking to add the affirmative defense that Bryan's contract-based claims (Counts I and II) are barred by the Statute of Frauds found in Mass. Gen. Laws ch. 259, § 1 and Mass. Gen. Laws ch. 106, § 2-201.

The parties have consented to the Magistrate Judge's final jurisdiction pursuant to 28 U.S.C. § 636(c) for purposes of this motion.

For all the reasons detailed herein, this court finds that the motion to amend is untimely, and that the addition of the affirmative defense would require additional discovery and would prejudice Bryan. Therefore, the motion to amend is DENIED.

## II. ANALYSIS

### A. Standard of Review

The parties disagree as to the appropriate standard of review. ChemWerth argues that Fed. R. Civ. P. 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires[,]" is the applicable standard in this case. Bryan argues that where, as here, the court has issued scheduling orders, Fed. R. Civ. P. 16(b)'s "good cause" standard, and not Rule 15(a)'s "freely given" standard should apply. See O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154-55 (1st Cir. 2004), and cases cited. In certain cases the distinction may be significant. As the O'Connell court explained:

> Unlike Rule 15(a)'s "freely given" standard, which focuses mostly on the bad faith of the moving party and the prejudice to the opposing party, *see Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), Rule 16(b)'s "good cause" standard emphasizes the diligence of the party seeking the amendment. *See Rosario–Diaz,* 140 F.3d at 315; *accord Leary,* 349 F.3d at 906; *Parker,* 204 F.3d at 340. Prejudice to the opposing party remains relevant but is not the dominant criterion. *See Johnson,* 975 F.2d at 609. "[I]ndifference" by the moving party "seal[s] off this avenue of relief" irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause. *Rosario–Diaz,* 140 F.3d at 315.

O'Connell, 357 F.3d at 155.

In the instant case, a number of scheduling orders have been issued, although they have not specifically addressed the deadlines for amending pleadings.  Nevertheless, as noted above, the pleadings in this case have been the subject of a number of substantive motions before this court.  The litigants were clearly on notice that they each viewed the causes of actions and affirmative defenses to be critical in shaping the discovery in the case.  Moreover, discovery has been proceeding.  Fact discovery closed in April 2014, and the motion to amend was not filed until after expert reports had been exchanged and ChemWerth's expert witness had been deposed.  Therefore, in this court's view, it would be entirely appropriate to apply the more stringent Rule 16(a) standard of review.

That having been said, as detailed herein, this court finds the proposed amendment to be untimely regardless of the standard applied.  Therefore, this court will assume, arguendo, that the lesser standard of Rule 15(a) applies, and will analyze the motion to amend accordingly.

It is undisputed that the statute of frauds is an affirmative defense which would normally be deemed waived unless raised in the answer.  Davignon v. Clemmey, 322 F.3d 1, 15 (1st Cir. 2003) (citing Fed. R. Civ. P. 8(c)).  "Rule 8(c) is designed to provide plaintiffs with adequate notice of a defendant's intention to litigate an affirmative defense, thereby affording an opportunity to develop any evidence and offer responsive arguments relating to the defense."  Id.  Nevertheless, courts may allow a late assertion of an affirmative defense in an amended pleading for various reasons, such as "where (i) the

defendant asserts it without undue delay and the plaintiff is not unfairly prejudiced by any delay, or (ii) the circumstances necessary to establish entitlement to the affirmative defense did not obtain at the time the answer was filed." Id. (internal citations omitted). Similarly, "[s]ome courts have excused noncompliance with Rule 8(c) if a plaintiff receives notice of an affirmative defense by some means other than pleadings and is not prejudiced by the omission of the defense from the initial pleading." Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 15 F.3d 1222, 1226 (1st Cir. 1994) (internal quotations and citation omitted). In determining whether an exception to a Rule 8(c) waiver is warranted, "the court must examine the 'totality of the circumstances and make a practical, commonsense assessment about whether Rule 8(c)'s core purpose – to act as a safeguard against surprise and unfair prejudice – has been vindicated.'" Mass. Asset Fin. v. MB Valuation, 248 F.R.D. 359, 361 (D. Mass. 2008) (quoting Williams v. Ashland Eng'g Co. Inc., 45 F.3d 588, 593 (1st Cir. 1995)) (abrogated on other grounds by Carpenters Local Union No. 26 v. United States Fid. & Guar. Co., 215 F.3d 136 (1st Cir. 2000)). This analysis is substantively consistent with that undertaken in order to determine whether an amended pleading is warranted under Rule 15(a). See Vargas v. McNamara, 608 F.2d 15, 18 (1st Cir. 1979) (a motion to amend under Rule 15(a) "ordinarily should not be denied '[i]n the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, futility of amendment, etc.'") (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)). Finally, where, as here, "a considerable period of time passes between the filing of the [answer] and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." Vargas v. McNamara, 608 F.2d at 19.

In the instant case, Bryan opposes the motion to amend on the grounds that ChemWerth unduly delayed asserting the defense, the delay has prejudiced Bryan by depriving it of the opportunity to take necessary discovery regarding the defense, and on the grounds that the proposed amendment is futile because the statute of frauds does not apply in the instant case. Because, as detailed herein, this court finds the first two arguments persuasive, it declines to address the third.

### B. Factual Support for Statute of Frauds Defense

ChemWerth has asserted various bases for its contention that Bryan's contract-based claims are barred by the statute of frauds. Specifically, ChemWerth argues that Mass. Gen. Laws ch. 259, § 1 applies. This statute requires any agreement that "is not to be performed within one year from the making thereof" to be in writing and signed by the party being charged, i.e., ChemWerth. ChemWerth contends that the alleged agreement between the parties cannot be performed within one year, and is not reflected in any writing. ChemWerth also relies on Mass. Gen. Laws ch. 106, § 2-201, the statute of frauds governing the sale of goods under the Massachusetts Uniform Commercial Code.

Thus, ChemWerth argues that there are no writings sufficient to satisfy the requirement for contracts for the sale of goods worth more than $500 or for "requirements contracts."

It is undisputed that Bryan has consistently asserted in this litigation that its agreement with ChemWerth was an oral agreement. It is also undisputed that ChemWerth has consistently denied the existence of any oral agreement. Therefore, discovery has focused on the alleged terms of this agreement and any documentation to support Bryan's contention. As such, it is obvious that the statute of frauds could have been asserted as an affirmative defense from the outset of this litigation.

ChemWerth argues that it was not until it obtained Bryan's supplemental answers to interrogatories on May 8, 2014 that it had sufficient information to assert a statute of frauds defense. Specifically, ChemWerth argues that it was not until it received Bryan's Second Supplemental Response[1] to Interrogatory No. 10, in response to this court's allowance of its motion to compel, that it learned that "the effective date and initial term of the alleged contract were 'not discussed'" as a result of which the agreement allegedly could not be performed within a year. See ChemWerth Mem. (Docket No. 157) at 4-5. It also learned, allegedly for the first time, that there was no writing sufficient to satisfy the UCC statute of frauds. Id. at 5-6. However, the substance of this information had been provided to ChemWerth much earlier, albeit not in the form requested by ChemWerth in

---

[1] While this supplemental answer was provided in response to this court's order allowing ChemWerth's motion to compel, Bryan had agreed to provide much of the requested information prior to the filing of the motion to compel in an effort to avoid motion practice.

its multi-part interrogatory.  Bryan had consistently taken the position in its complaint and original answers to interrogatories that the agreement was oral.  As to the "effective date" and "initial term," Bryan had consistently described ChemWerth's obligation as being to provide the promised documentation "when Bryan Corp. needed the documentation for its application to FDA."  With respect to the amount at issue and documentation thereof, Bryan had consistently asserted that there were invoices and payment documents reflecting the amount of TS API Bryan had purchased from ChemWerth.  See generally Bryan's Memorandum in Opposition to Chemwerth's Motion to Compel (Docket No. 141) at 7-9. In addition, these topics were explored by ChemWerth in the depositions it had taken.  See id. at 11-13.

In short, the substance of the information on which ChemWerth now relies was known to ChemWerth from the beginning of the litigation.  "The court is not persuaded by [ChemWerth's] attempt to argue a 'late discovered affirmative defense,' particularly since [Bryan] never argued that such a writing even existed."  See Mass. Asset Fin. v. MB Valuation, 248 F.R.D. at 361 (internal citation omitted) (court rejects untimely attempt to add statute of frauds defense).  ChemWerth had more than enough information from the initiation of this litigation to assert the statute of frauds if it intended to pursue that defense.[2]

---

[2] Since, as Bryan has argued in opposing the instant motion to amend, there are a number of legal reasons why the statute of frauds may not be applicable in the instant case, there may well have been a strategic reason for ChemWerth not to have asserted it as an affirmative defense. ChemWerth's intent to allege a statute of frauds defense was not known to Bryan prior to the

C.    **Prejudice to Bryan**

The late addition of a statute of frauds defense would prejudice Bryan. Fact discovery was completed in April 2014, and expert discovery is well under way, if not completed by now. There is no reason to reopen discovery so that questions can be formulated to cover the statute of frauds defense.

As an initial matter, Bryan has raised a number of legal arguments challenging the application of the statute of frauds to the facts of this case. In light of prior practices of the parties, Bryan would likely have brought a motion to dismiss before discovery was completed to determine whether to pursue the statute of frauds during depositions. It obviously was precluded from doing so by ChemWerth's silence.

Discovery was actively pursued in this case. In addition to written discovery, a number of fact depositions were taken. These included ChemWerth's deposition of Bryan Abrano, the president of and Rule 30(b)(6) witness for Bryan, on August 29, 2013, and the deposition of Frank Abrano, the former CEO and founder of Bryan, on October 24, 2013. In addition, Bryan took a 30(b)(6) deposition of ChemWerth, and deposed three ChemWerth employees and two third parties, about ChemWerth's defenses. If Bryan had been aware that ChemWerth had been asserting a statute of frauds defense it would have explored the basis for this defense in some detail. For example, in addition to simply focusing on the facts of the parties' interactions, Bryan may have explored whether the

---

filing of the instant action.

-9-

"heart" of the parties' agreement was a transaction involving a sale of goods, to which the UCC applies, or the provision of services, to which it does not. Ramcharran v. Carraro Graphic Equip., Inc., 823 F. Supp. 63, 67 (D. Mass. 1993). Moreover, Bryan may have further explored whether documents could "be read together to determine whether the requirements of the statute are satisfied," or whether there had been "part performance" to take the transaction out of the statute of frauds. See Brewster Wallcovering Co. v. Blue Mountain Wallcoverings, Inc., 68 Mass. App. Ct. 582, 599-600, 864 N.E.2d 518, 535 (2007). In short, this court finds that the addition of a statute of frauds defense would require the reopening of discovery. This court also accepts Bryan's representation that the discovery would include retaking depositions of persons who had already been deposed.

The record establishes that the motion to amend is untimely as it is filed well after ChemWerth had sufficient information to plead the affirmative defense. The late addition of the defense would prejudice Bryan and require discovery to be reopened. Under such circumstances, the motion to amend to add the affirmative defense of statute of frauds must be denied.

### III. ORDER

For all the reasons detailed herein, ChemWerth's "Motion for Leave to Amend its Answer, Affirmative Defenses, & Counterclaims to Plaintiff's First Amended Complaint for Damages to Add an Affirmative Defense" (Docket No. 156) is DENIED.

                 / s / Judith Gail Dein
                 Judith Gail Dein

U.S. Magistrate Judge